**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X

**SHABSI GLICK**,                                                    Civil Action No.:

                              Plaintiff,
        -against-                                       **COMPLAINT FOR VIOLATIONS**
                                                        **OF THE TCPA**
**TARGET NATIONAL BANK**
            **and**
**TD BANK USA, NA**

                              Defendant(s).             **DEMAND FOR JURY TRIAL**

-------------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff SHABSI GLICK ("Plaintiff"), by and through his attorney, Edward B. Geller, Esq., P.C., as and for his Complaint against the Defendants Target National Bank and TD  Bank USA, NA, (hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violations under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.      Defendants are subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47

C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.     Plaintiff SHABSI GLICK is a resident of the State of New Jersey residing at 42 Harmony Dr., Lakewood, NJ 08701.

4.      Defendant Target National Bank is a business located at 1000 Nicolet Mall, Minneapolis, Minnesota and has numerous locations in New Jersey.

5.     Defendant TD Bank USA, NA is a bank located at 2035 Limestone Road, Wilmington, DE 19808.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.     On or about July of 2019, Defendants began communicating with Plaintiff by means of auto dialed telephone calls to Plaintiff's mobile telephone number 917 - 474 - 1963.

10.     When Plaintiff answered Defendants' calls, he heard a prerecorded automated message.

11.     On or about August 1, 2019 the Plaintiff spoke to the Defendants by phone and requested that the calls being made to his cell phone be stopped.

12.     Despite Plaintiff's explicit request, Defendants continued to receive auto dialed telephone calls to his cell phone from Defendants.

13.     Defendants' made at least 300 auto-dialed telephone calls to Plaintiff's cell phone after August 1, 2019.

## FIRST CAUSE OF ACTION
### (Violations of the TCPA)

14.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.     According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

16.     It has been determined that the statute's language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff

must claim that Defendant's calls incurred charges.  See _Breslow c. Wells Fargo Bank, N.A._ 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and _Cavero v. Franklin Collection Serv., Inc._, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her _cell phone_ to allege that he/she was charged for the call. For example, in _Manno v.Healthcare Revenue Recovery Grp., LLC_, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue."  In _Osorio v. State Farm Bank, F.S.B._, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

16.     It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

17.     With the autodialed calls to Plaintiff's telephone commencing on or about August of 2019 and continuing at a rate of at least 300 times thereafter, the Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

18.     The Defendants, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA three hundred (300) times after the Plaintiff requested the Defendants stop calling.

19.     Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur."  Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;
7) a financial institution must honor opt-out requests immediately."

20.     Defendants are in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor

Plaintiff's desire to opt out of telephone communications despite Plaintiff's clear, unequivocal request that such automatic calls cease.

21.   Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

22.   Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.   For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendants' willful or knowing violations of the TCPA.

B.   A declaration that the Defendants' practices violated the TCPA;

C.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:        December 29, 2020

Respectfully submitted,

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C.
15 LANDING WAY
BRONX, NEW YORK 10464
TEL:(914)473-6783
EMAIL: EPBH@AOL.COM

*Attorney for the Plaintiff Shabsi Glick,*

## AFFIRMATION

I, Shabsi Glick, under the penalty of perjury, depose and say:

I am the Plaintiff in the above entitled action.  I have read the foregoing Complaint and know the contents thereof.  The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____

Shabsi Glick

Sworn to before me this 31st day of December 2020

_____

Notary Public

ESTHER BRUCKMAN
Notary Public, State of New Jersey
My Commission Expires
December 21, 2022